Randolph & Leslie v Heaslip.

---

## RANDOLPH & LESLIE v. HEASLIP.

1. GARNISHMENT: COSTS. A garnishee is not required, upon service of notice, to tender or bring into court the money or property in his hands liable to the garnishment; and does not, by retaining the same, render himself liable for costs. He is rendered liable only by a refusal to answer, or by conduct seeking to avoid a fair investigation of his liability to the defendant.

*Appeal from Lee District Court.*

SATURDAY, OCTOBER 6.

THE material facts are stated in the opinion of the court. The plaintiff appeals.

*Noble & Strong* for the appellants.

*George C. Dixon* for appellee.

BALDWIN, J.—The appellee was summoned to answer as garnishee in an attachment proceeding wherein appellants were plaintiffs, and James W. Mitchell and John Cope were defendants. Upon the 13th day of August 1858, appellee, in answer to certain interrogatories propounded by the sheriff, who had served notice on him, stated that he had contracted with Cope & Mitchell to do the brick work on a certain house for him; that Mitchell owed him at the time of such contract, $300 in brick work; that he had been garnished and directed not to pay Mitchell any property, money, &c; that Cope had gone on and finished up the work; that if he was compelled to settle with them as a firm, he would owe them nothing; that if compelled to settle with Cope individually, he would owe him in the neighborhood of $100.

Upon the 14th of February, 1859, appellee again answered before a commissioner, that he owed the firm of Mitchell & Cope nothing; that they owed him; that he would be owing Cope, individually, from $20 to $25, as near as he could tell without a settlement.

Upon the 11th day of February, 1860, the appellee by his attorneys filed his amended answer, setting forth that he had made an examination and comparison of accounts with John Cope, and that he was indebted to him in the sum of $72.13, which he was ready to pay to plaintiff under the order of the court. Upon the first day of August, 1859, the plaintiffs filed a replication, taking issue upon the first answer of appellee, and claiming that the appellee *was* indebted to the said Mitchell & Cope in a large amount, and that he *was* indebted to Cope in a larger sum than one hundred dollars; and asked judgment for an amount sufficient to pay their claim in the sum of six or seven hundred dollars.

Upon the 11th day of February, 1860, appellants, by leave of the court, amended their replication, denying the amended answer of appellee and again claiming that appel-

lee was indebted to said Mitchell in a large amount, and also to said Cope. Upon the issues thus joined there was a trial by jury, which found that appellee was indebted to Cope in the sum of $72,13, the amount stated in his answer; and that he was not indebted to James Mitchell in any sum whatever. Upon this verdict the court rendered judgment in favor of plaintiff for the sum of $72,13 without costs. The appellants moved the court to tax the costs of the trial upon the answer of the appellee, against the garnishee, as the said garnishee had not tendered the amount admitted to be due, nor paid the same into court before said judgment was rendered. The court refused to sustain said motion and taxed the costs against appellant. From this ruling the plaintiffs appeal.

A garnishee is not compelled to pay money or property attached in his hands, into court, in order to avoid the payment of cost, under our statute. He may pay such sum or property over to the sheriff and save himself from further responsibility. It is a matter of privilege with him. If it is property or money which he may have, and liable to depreciate in value, he may, by paying over to the sheriff, save himself from further liability. If a garnishee refuses to answer, or seeks to avoid a fair investigation of his liability to the party attached, he should be chargeable with any costs occasioned by such contract. The only question presented in this case, relates to the duty of a garnishee to tender the amount he confesses to be due. Under section 1861 of the Code, the mode of attachment by garnishment is prescribed, and by such process the garnishee is required to retain in his possession all property of the defendant, that the same may be dealt with according to law.

It is submitted by the appellant that the garnishee, by his answer in this cause, compelled the plaintiff to a trial; and that they obtained a judgment for a greater sum than the garnishee in his answer admitted to be due. It would be a sufficient answer to this position, to say that no such ques-

tion was presented by the motion to tax the costs to the appellee. It does not appear when the costs were made, of which the appellants complain. The issue was not made by the plaintiff until a few days previous to the trial; the costs may have accrued after that time, so far as the record shows. The appellee may have answered correctly in both of his answers, and before the trial, or before his last answer, may have become indebted to, or come into the possession of property of, the defendants upon which such answer was based. There is no evidence in the record to contradict any such presumptions.

Again, the issue made by plaintiffs was that appellee was indebted to Mitchell in a large amount, and to Cope in a larger sum than appellee admitted by his answer. The issues thus made were not sustained by the verdict of the jury.

The court ruled correctly upon plaintiffs' motion.

Judgment affirmed.